In the
United States Court of Appeals
for the Fifth Circuit

No. 24-30407

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

*versus*

VICTOR CLARK KIRK,

*Defendant - Appellant*

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:19-CR-115-1

*ANDERS* BRIEF FOR THE APPELLANT
VICTOR CLARK KIRK

**REBECCA L. HUDSMITH**
Federal Public Defender

**DUSTIN C. TALBOT**
Appellate Chief
Federal Public Defender's Office
Middle and Western Districts of
Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

*Attorney for the Appellant*

In the
United States Court of Appeals
for the Fifth Circuit

---

No. 24-30407

---

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

*versus*

VICTOR CLARK KIRK,

*Defendant - Appellant*

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:19-CR-115-1

---

*ANDERS* BRIEF FOR THE APPELLANT
VICTOR CLARK KIRK

---

CERTIFICATE OF INTERESTED PERSONS

---

Pursuant to Fifth Circuit Rule 28.2.1, undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

i

**Judges Below:**

> The Honorable Brian A. Jackson, United States District Judge
> The Honorable Richard L. Bourgeois, Jr., United States Magistrate
>     Judge

**Defendant–Appellant:**

> Victor Clark Kirk
> B.O.P. Reg. No. 09254-095
> FCI Forrest City Low
> FEDERAL CORRECTIONAL INSTITUTION
> P.O. BOX 9000
> FORREST CITY, AR 72336

**Attorney for the Defendant-Appellant:**

> Dustin C. Talbot (on appeal and in the district court)
>     Assistant Federal Public Defender
>     Middle and Western Districts of Louisiana
>
> Craig Frank Holthaus (in the district court)
>     C. Frank Holthaus, Attorney at Law
>
> Ian Francis Hipwell (in the district court)
> Lindsay Jarrell Blouin (in the district court)
>     Manasseh, Gill, Knipe & Belanger, P.L.C.

**Attorneys for the Government-Appellee**

> Mary Patricia Jones (on appeal)
> Jessica Marie Podewils Thornhill (in the district court)
> Kristen Lundin Craig (in the district court)
> Justin M. Woodard (in the district court)
> Kelly Z. Walters (in the district court)
>     Assistant United States Attorneys

Lafayette, Louisiana, September 9, 2024.

_s/Dustin C. Talbot_
DUSTIN C. TALBOT

## PREAMBLE

This brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Counsel has carefully examined the record on appeal and has researched the law in connection therewith, and has concluded that the appeal presents no legally non-frivolous questions with regard to Victor Clark Kirk's case. Counsel therefore moves to withdraw.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................i

PREAMBLE ................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................iv

TABLE OF CONTENTS ...............................................................v

TABLE OF AUTHORITIES ..........................................................vii

STATEMENT OF JURISDICTION...................................................1

STATEMENT OF THE ISSUE........................................................2

Whether the district court committed error on remand when it imposed a forfeiture money judgment in the amount of $82,685.37

STATEMENT OF THE CASE .........................................................2

    I.   Original proceedings and appeal.............................................2

    II.  Remand proceedings...........................................................5

SUMMARY OF ARGUMENT ........................................................7

ARGUMENT ............................................................................8

    I.   The district court's amended order of forfeiture on remand was not the result of any reversible error.................................8

        A.   Standard of review ........................................................8

        B.   Applicable law..............................................................9

        C.   Argument...................................................................10

CONCLUSION ............................................................................. 13

CERTIFICATE OF SERVICE .............................................................. 14

CERTIFICATE OF COMPLIANCE ...................................................... 15

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*Anders v. California*, 386 U.S. 738 (1967) ...................................... *passim*

*Libretti v. United States*, 516 U.S. 29 (1995) ............................................8

*Puckett v. United States*, 556 U.S. 129 (2009) ..........................................8

*United States v. Ayika*, 837 F.3d 460 (5th Cir. 2016) ........................9, 11

*United States v. Flores*, 632 F.3d 229 (5th Cir. 2011)................... *passim*

*United States v. Juluke*, 426 F.3d 323 (5th Cir. 2005)............................9

*United States v. Lemaire*, 712 F.2d 944 (5th Cir. 1983) ......................10

*United States v. Marquez*, 685 F.3d 501 (5th Cir. 2012) .......................8

*United States v. Mazkouri*, 945 F.3d 293 (5th Cir. 2019) .................9, 12

*United States v. Nagin*, 810 F.3d 348 (5th Cir. 2016)..............................9

*United States v. Pankhurst*, 118 F.3d 345 (5th Cir. 1997) ...................10

*United States v. Raymer*, 876 F.2d 383 (5th Cir. 1989).......................10

*United States v. Reed*, 908 F.3d 102 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2655 (2019) ..............................................................................8

*United States v. Sanjar*, 876 F.3d 725 (5th Cir. 2017)..........................10

**STATUTES & RULES**                                                                           **PAGE**

18 U.S.C. § 982 ........................................................................9, 11

18 U.S.C. §§ 1347 & 1349..............................................................4, 11

18 U.S.C. § 3231 ...................................................................... 1

18 U.S.C. § 3742 ......................................................................2

28 U.S.C. § 1291 ......................................................................2

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

## No.  24-30407

---

**UNITED STATES OF AMERICA,**

*Plaintiff - Appellee,*

*versus*

**VICTOR CLARK KIRK,**

*Defendant - Appellant*

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:19-CR-115-1

---

## *ANDERS* BRIEF FOR THE APPELLANT
## VICTOR CLARK KIRK

---

## STATEMENT OF JURISDICTION

This matter originated in the United States District Court for the Middle District of Louisiana. The district court's jurisdiction arose under 18 U.S.C. § 3231 inasmuch as the action involved an allegation of an offense against the United States. This is an appeal of a final amended order of forfeiture entered by the district court on June 14, 2024.

1

ROA.808. Appellant filed a timely notice of appeal on June 28, 2024. ROA.815. As such, this Court's jurisdiction to review the matter is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether there is a non-frivolous argument that the district court committed error on remand when it imposed a forfeiture money judgment in the amount of $82,685.37?

## STATEMENT OF THE CASE

This is the second appeal by the appellant Victor Clark Kirk. As a result of his first appeal, this Court remanded his case for a new forfeiture determination. On remand, the district court imposed the forfeiture amount requested by Kirk and rejected the amount requested by the government. This is the appeal of the that new, lower forfeiture amount.

## I.     Original proceedings and appeal[1]

Applying the facts consistent with the jury verdict, from January 2011 to June 2015, Kirk—as the Chief Executive Officer of St. Gabriel

---

[1] The original facts are set forth in this Court's direct appeal decision. *United States v. Kirk*, No. 23-30048, 2024 WL 125707 (5th Cir. Jan. 11, 2024) (unpublished); *also set forth at* ROA.774-80.

Health Clinic, a non-profit corporation that operated medical clinics inside Louisiana schools—conspired to defraud Medicaid. Under his direction, St. Gabriel employees administered educational and character development programs, including one called "*Character Counts!,*" to entire classrooms of students, including Medicaid recipients, and then billed these services as group psychotherapy sessions. Even though Medicaid does not cover educational services, St. Gabriel employees, at Kirk's direction, created false and fraudulent progress notes indicating that the students present for the program required group psychotherapy and that the services provided constituted as such.

After Medicaid ceased reimbursing St. Gabriel's claims for group psychotherapy sessions in the absence of an Axis I diagnosis, St. Gabriel employees, again at the direction of Kirk, falsely diagnosed students who received the education services with Axis I diagnoses. In total, Medicaid paid approximately $1.8 million in claims to St. Gabriel for group psychotherapy sessions even though St. Gabriel merely provided educational services.

A jury found Kirk guilty of one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and five counts of health care

fraud, in violation of 18 U.S.C. §§ 1347 and 2. ROA.412. Prior to sentencing, the government filed a motion to amend the preliminary order of a general forfeiture money judgment, seeking a forfeiture money judgment of $234,789.87. ROA.501-10. The government argued that since 45 percent of St. Gabriel's revenue, or $1.8 million out of $4 million, was derived from the fraudulent billing scheme, the Court should order Kirk to forfeit 45 percent of his salary and compensation that he earned during the alleged fraud. This percentage was based solely on the money illegally sought compared to the total amount paid by Medicaid (i.e., some of which was properly sought). In addition, the government urged the Court to order Kirk to forfeit all of his bonus and incentive payments earned during the alleged fraud. ROA.501-10.

Kirk opposed this motion, arguing, among other things, that the Court should only order Kirk to forfeit 18 percent of his total salary and benefits because St. Gabriel's total revenue (both Medicaid and non-Medicaid) during the time of the alleged fraud was more than $10 million. ROA.513-21. As such, Kirk requested the Court to order forfeiture totaling no more than $75,957. ROA.513-21.

4

At sentencing, Kirk introduced financial statements demonstrating that St. Gabriel received over $10 million in total revenue during the conspiracy and reargued that the Court should order Kirk to forfeit, at most, 20 percent of the salary he received during the fraud. ROA.2572. The Court credited the government's proposed forfeiture amount over Kirk's. ROA.547, 2579.

Kirk appealed and this Court remanded "the forfeiture money judgment for more detailed findings by the district court regarding both Kirk's salary and his bonuses during the alleged fraud based upon the evidence originally presented." ROA.780. This Court otherwise affirmed Kirk's conviction and sentence. ROA.780.

## II.    Remand proceedings

On remand, the district court set a new forfeiture hearing and ordered the parties to submit briefing relying only on evidence already in the record. ROA.781.

The government filed a memorandum arguing for forfeiture in the amount of $176,880.37. In support, the government argued that 28 percent of the revenue of St. Gabriel was based on the fraudulent *Character Counts* billing. ROA.789. First, the government submitted

that 28 percent of Kirk's $340,644.17 salary during the offense should be forfeited: $95,380,37. Second, the government maintained that all of Kirk's bonuses and incentive payments, $81,500, should be forfeited. ROA.789.

Kirk filed a remand brief arguing for forfeiture in the total amount of $82,686.19. ROA.795-807. Kirk argued that 19.587 percent of the total revenue received by St. Gabriel during the offense conduct was related to the *Character Counts* billing. ROA.803. Thus, argued Kirk, only 19.587 percent of his income—salary and bonuses—could be fairly traceable to the offense and subject to forfeiture. ROA.803-04. Kirk pointed out that the government failed to introduce any evidence that Kirk would not have received bonuses without the *Character Counts* billing. ROA.805.

A forfeiture hearing was held by the court on April 17, 2024. ROA.2871. The court heard argument from counsel and took the matter under advisement. The government argued that Kirk should forfeit $176,880.37, whereas Kirk argued that he should only have to forfeit $82,686.19. ROA.2878-90.

On June 14, 2024, the court issued an amended order of forfeiture. ROA.808-14. In the amended order, the court adopted Kirk's proposal

and only ordered a money forfeiture judgment in the amount of $82,686.19. ROA.809-14. Kirk filed a timely notice of appeal on June 28, 2024. ROA.815.

## SUMMARY OF THE ARGUMENT

This brief is filed in conjunction with counsel's motion to withdraw from representation pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).

This is an appeal of an amended order of forfeiture issued by the district court on remand. The court below amended the forfeiture amount and imposed the lower amount specifically requested by the appellant. There is no non-frivolous argument that the district court's amended order of was error. ROA.809-14. First, the district court accepted appellant's proposed amount below so he has likely invited any error he might now claim against the amended order of forfeiture. Second, the amended order of forfeiture is a reasonable estimate of the proceeds appellant received from his illegal activity.

Counsel for the appellant respectfully submits that he has reviewed the record in this case and is of the opinion that there are no non-frivolous

issues which could be raised on appeal. Accordingly, he hereby moves to withdraw as Victor Clark Kirk's counsel of record.

## ARGUMENT

### I. The district court's amended order of forfeiture on remand was not the result of any reversible error

#### A. Standard of review

Criminal forfeiture is "an aspect of punishment imposed following conviction of a substantive criminal offense." *Libretti v. United States*, 516 U.S. 29, 39 (1995). A forfeiture order's legality is reviewed *de novo*; any related factual findings, for clear error. *United States v. Reed*, 908 F.3d 102, 125 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2655 (2019).

On plain error review, a defendant bears the burden of proving (1) error, (2) that is plain, and (3) that affects his substantial rights." *United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012). If he satisfies the first three prongs of the plain error analysis, this Court proceeds to the fourth prong, which affords the Court the discretion to remedy the error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* (citing to *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## B. Applicable law

The forfeiture requested in this case is governed by 18 U.S.C. § 982. With respect to health care fraud, Section 982 provides that:

> The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

18 U.S.C. § 982(a)(7). For forfeiture of property, the court "must determine whether the government has established the requisite nexus between th[at] property and the [charged] offense under the applicable statute." *United States v. Ayika*, 837 F.3d 460, 469 (5th Cir. 2016). The government "must establish the requisite nexus between the property and the offense by a preponderance of the evidence." *United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005). The court must make a "reasonable estimate" of the forfeiture amount. *United States v. Mazkouri*, 945 F.3d 293, 307 (5th Cir. 2019).

The very crux of a forfeiture money judgment is that "[t]he amount of a personal money judgment is measured by the proceeds of the defendant's illegal activity." *United States v. Nagin*, 810 F.3d 348, 353 (5th Cir. 2016). Put another way by this Court, "the forfeiture statute

9

thus does not allow [a defendant] to be responsible for any amount beyond the proceeds of the [] fraud that he obtained." *United States v. Sanjar*, 876 F.3d 725, 749 (5th Cir. 2017).

### C.    Argument

There is no non-frivolous argument that the district court's amended order of forfeiture in the amount of $82,686.19 was reversible error. ROA.809-14. First, the district court accepted Kirk's proposed amount below so Kirk has likely invited any error he might now claim against the amended order of forfeiture. Second, the amended order of forfeiture in the amount of $82,686.19 is a reasonable estimate of the proceeds Kirk received from his illegal activity.

Under the Invited Error doctrine, a defendant cannot complain on appeal of alleged errors which he invited or induced, especially where the defendant may not have been prejudiced by the error. *United States v. Raymer*, 876 F.2d 383, 388 (5th Cir. 1989). This Court "will not reverse on the basis of invited error, absent manifest injustice." *United States v. Pankhurst*, 118 F.3d 345, 359 (5th Cir. 1997); *see also United States v. Lemaire*, 712 F.2d 944, 949 (5th Cir. 1983) ("[Invited error] would remove

the matter from being error requiring reversal, unless the error was so patent as to have seriously jeopardized the rights of the appellant.").

Kirk specifically requested that the court below issue an amended order of forfeiture in the amount of $82,686.19. ROA.801. Over the government's request for a higher amount, the court granted Kirk's request and issued an amended order of forfeiture in his requested amount. ROA.808. As such, Kirk invited any error in the propriety of the amended order of forfeiture and would have to show both an error and manifest injustice. Counsel has reviewed the record in this case and is of the opinion that there is no non-frivolous argument that the amended order of forfeiture was a manifest injustice.

The amended order of forfeiture is also not the result of reversible plain error. Here, the government established the requisite requirements for forfeiture. *First*, forfeiture is permissible under the offenses of conviction, 18 U.S.C. §§ 1347 & 1349. *See* 18 U.S.C. § 982(a)(7). *Second*, the government established the requisite nexus between the forfeited property and the offense. *Ayika*, 837 F.3d at 469. The government established, and Kirk agreed, that Kirk received $340,644.17 in salary and compensation from St. Gabriel during the offense. *See* ROA.787, 802.

11

The government established, and Kirk agreed, that St. Gabriel received 1.8 million from Medicaid as a result of the fraudulent *Character Counts* billing during the offense. ROA.798. Thus, the government proved a nexus between Kirk's salary and compensation and the fraudulent Medicaid billing. *Third*, the $82,686.19 amount ordered was a "reasonable estimate" of the forfeiture amount. *Mazkouri*, 945 F.3d at 307. Here, the court below was faced with competing calculations about what amount of Kirk's salary and compensation could be linked to the fraudulent billing, and the court went with the lower amount proposed by Kirk. Undersigned does not see a non-frivolous argument that the forfeiture amount was not "reasonable" considering the record below.

## CONCLUSION

For the above and foregoing reasons, undersigned counsel respectfully moves to withdraw as counsel of record in this case and respectfully requests that Victor Clark Kirk be allowed to proceed *pro se* if he so desires.

Respectfully submitted,

REBECCA L. HUDSMITH
Federal Public Defender

BY:    *s/ Dustin C. Talbot*
       DUSTIN C. TALBOT
       Appellate Chief
       Federal Public Defender's Office
       Middle and Western Districts of Louisiana
       102 Versailles Boulevard, Suite 816
       Lafayette, Louisiana 70501
       Telephone: (337) 262-6336

*Attorney for the Appellant*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this September 9, 2024, I notified defendant-appellant, Victor Clark Kirk, by virtue of a letter written in English, a language understood by the defendant who is fully literate: (1) that I have fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (2) that I have moved to withdraw as counsel of record; (3) that if granted, the motion will result in the dismissal of this appeal; but (4) that he has the right to file a response in English, opposing the motion within 30 days of its filing. Said notice, as well as a copy of this *Anders* brief was sent by U.S. Mail to the defendant-appellant at the following address:

Victor Clark Kirk
B.O.P. Reg. No. 09254-095
FCI Forrest City Low
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 9000
FORREST CITY, AR 72336

I also hereby certify that a copy of the above and foregoing has this day been served by the 5th Circuit electronic filing system on the Assistant United States Attorney, on September 9, 2024.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT

14

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,115 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century typeface with a 14 point font.

Lafayette, Louisiana, September 9, 2024.

<u>*s/Dustin C. Talbot*</u>
DUSTIN C. TALBOT

15