IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 24-30407

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

versus

VICTOR CLARK KIRK,
Defendant-Appellant.

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 2:19-CR-115-1

---

APPELLANT'S RESPONSE TO COUNSEL'S
ANDER'S BRIEF
FOR THE APPELLANT

---

VICTOR CLARK KIRK
Pro Se
Inmate No. 09254-095
FCC Forrest City Camp
P.O. Box 8000
Forrest City, Arkansas   72336



## CERTIFICATE OF INTERESTED PERSONS

Judges Below:

The Honorable Brian A. Jackson, United States District Judge
The Honorable Richard L. Bourgeois, Jr., United States
Magistrate Judge

Defendant-Appellant:

Victor Clark Kirk
Inmate No. 09254-095
FCC Forrest City Camp
P.O. Box 8000
Forrest City, Arkansas   72336

Attorney for the Defendant-Appellant:

Dustin C. Talbot (on appeal and in the district)
Assistant Federal Public Defender
Middle and Western Districts of Louisiana

Craig Frank Holthaus (in the district court)
     C. Frank Holthaus, Attorney at Law

Ian Francis Hipwell (in the district court)
Lindsay Jarrell Blouin (in the district court)
     Manasseh, Gill, Knipe & Belanger, P.L.C.

Attorney's for the Government-Appellee:

Mary Patricia Jones (on appeal)
Jessica Marie Podewils Thornhill (in the district court
Kristen Lundin Craig (in the district court)
Justin M. Woodard (in the district court)
Kelly Z. Walters (in the district court)
     Assistant United States Attorneys
     Lafayette, Louisiana

2.

## INTRODUCTION STATEMENT

Appellant's attorney Dustin C. Talbot filed an Anders brief pursuant to Anders v. California, 386 U.S. 738 (1967) and United States v. Flores, 632 F.3d 229 (5th Cir. 2011), stating he has carefully examined the record on appeal and has researched the law in connection therewith, and has concluded that the appeal presents no legally non-frivolous questions with regare to Appellant's case and requests permission to withdraw. However, under Anders Appellant has the right to respond to counsel's motion raising any points I choose showing why my appeal has merit and why the court should consider my case.

## SUMMARY OF THE ARGUMENT

This brief is in response to counsel's motion to withdraw from representation pursuant to the requirements of Anders v. California, 386 U.S. 738 (1967), and United States v. Flores, 632 F.3d 229 (5th Cir. 2011).

This is an appeal of an amended order of forfeiture issued by the District Court on remand. The District Court amended the forfeiture amount and imposed the lower amount specifically requested by the attorney not Appellant. Appellant argues that he went into "explicit details" explaining to counsel the issues that he failed to raise in Appellant's first appeal and now the issues he failed to raise in Anders brief. 1/ Counsel alleges that I proposed and agreed to the District Court's amended order of forfeiture received from illegal activity. From day one, I have not agreed to the forfeiture amount before the first appeal, after the remand and before he filed the Anders brief and still don't agree with the forfeiture amount. Counsel's Anders brief consistently alleges that I agreed to the amended order of forfeiture and he even went so far as to implement the invited error doctrine. This assertion clearly waives any appeal issue whatsoever, now or in the future because it will now be the law of the case. Second, counsel also locked the amended order of forfeiture from any future arguments by stating that the amount of forfeiture is a reasonable estimate

---

1/ Before counsel filed the Anders brief Appellant requested he withdraw from his case because when counsel filed Appellant's first appeal he failed to examine the record for any appealable issus such as whether the Appellant acted with criminal intent; that is knowingly and willfully or specific intent to defraud; or the claim or request for payment for the service was the result of a unintentional and unrecognized error in the process of presenting claims or requesting payment and the Appellant took corrective steps promptly after discovering the error.

of the proceeds Appellant received from his illegal activities.

## ISSUE ONE

## STATUTES AND CITATIONS OF AUTHORITY

APPELLANT ASSERTS THAT COUNSELS ANDERS BRIEF WAIVES APPELLANT'S RIGHTS CONFERRED BY 28 U.S.C. SECTION 1291 AND 18 U.S.C. SECTION 3742 TO APPEAL OR COLLATERALLY ATTACK HIS CONVICTION, SENTENCE, ORDER OF RESTITUTION, FORFEITURE AND FINE IN THE AMOUNT DETERMINED BY THE DISTRICT COURT ON THE REMAND

Appellant argues that he went into "explicit detail" explaining to counsel the issues that he needed to raise in Appellant's direct appeal about the miscalculation of the restitution, forfeiture and fine. However, instead of listening to his client he filed an Anders brief alleging that I proposed and agreed to the District Court's amended order of forfeiture received from illegal activity. From day one, I have told counsel on several occasion that I do not agree with the forfeiture, restitution or fine after the remand and before he filed the Anders brief and still don't agree with the forfeiture amount. Counsel's Anders brief consistently alleges that I agreed to the amended order of forfeiture and he even went so far as to implement the invited error doctrine. This assertion clearly waives any appeal issues whatsoever, now or in the future because now it will be the law of the case. Second, counsel also locked the amended order of forfeiture from any future collateral attacks on the miscalculation of the judgments by stating that the amount of forfeiture is a reasonable estimate of the proceeds Appellant received from his illegal activities. Third, on the remand counsel should of requested an expert witness whos testimony consists of technical or specialized knowledge of how Medicaid programs operates within a complex and intricate scheme that a health care Investigator, commands a working knowledge of Medicaid health care fraud. See United States v. White, 492 F.3d 380, 403

(6th Cir. 2007)(citing United States v. Strange, 23 F.App'x 715, 717 (9th Cir. 2001)(noting that "expert testimony regarding Medicaid regulations, reimbursement procedures and health care fraud" is entirely appropriaate for an expert"). Testimony that describes "definitions and requirements" of Medicaid and its health care programs, Medicaids "billing process," Medicaids "process" of health care, and Medicaids billing "prohibitions," would be highly technical and specialized testimony. As such, on remand counsel should of had an expert witness whos testimony is "based on scientific, technical or other specialized knowledge on Medicaid health care fraud.

## A. PROCEDURAL BACKGROUND

From January 2011 to June 2015, Appellant as the Chief Executive Officer of St. Gabriel Health Clinic, a non-profit corporation that operated medical clinics inside Louisiana schools-conspired to defraud Meddicaid. St. Gabriel employees administered educational and character development programs including one called "Character Counts," to entire classrooms of students, including Medicaid recipients, and then billed these services as group psychotherapy sessions. Even though Medicaid does not cover educational services, St Gabriel employees, allegedly at Appellant's direction, created false and fraudulent progress notes indicating that the students present for the program required group psychotherapy and that the services provided constituted as such. After Medicaid ceased reimbursing St. Gabriel's claims for group psychotherapy sessions in the absence of an Axis 1 diagnosis, St. Gabriel employess, again allegedly at the direction of Appellant, falsely diagnosed students who received the education services with Axis 1 diagnoses.

7.

In total, Medicaid paid approximately $1.8 million in claims to St. Gabriel for group psychotherapy sessions even though St. Gabriel merely provided educational services.

Appellant was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. Section 1349, and health care fraud in violation of 18 U.S.C. Sections 1347 and 2, arising from a scheme to defraud Medicaid by improperly billing group psychotherapy sessions. The District Court sentenced Appellant to 87 months imprisonment, ordered he pay restitution in the amount of $1,841,537, entered a $234, 789 forfeiture money judgment against him, and imposed a $30,000 fine.

This is the second appeal by Appellant. As a result of his first appeal, this Court vacated the forfeiture money judgment and remanded for more detailed finding by the District Court regarding both Appellant's salary and bonuuses during the alleged fraud based upon the evidence originally presented.

## B. THE DISTRICT COURT'S MISCALCULATION OF THE RESTITUTION, FORFEITURE AND FINE

This is not a case where the Appellant simply "took money directly deposited" into an account and moved the funds into another account under his name. There was no use of shell corporations, offshore accounts or other methods to make detection of fraud more difficult. Rather, the Medicaid health care funds were intermingled with St. Gabriels revenue.

On appeal from this Court because the District Court failed to make detailed findings from a dispute over forfeiture arose prior to sentencing. Appellant was to forfeit a percentage of his salary equal to the percentage of the hospital's income derived from the fraudulent billing scheme. All parties disagreed over the calculation

of St. Gabriel Health Clinic's income and how much of Appellant's bonuses should be forfeited. The District Court then sentenced Appellant to a term of imprisonment of 84 months, ordered he pay restitution in the amount of $1,841,527.31, and imposed a $30,000 fine. But the District Court "failed to resolve the factual dispute regarding St. Gabriel's total revenue during the alleged fraud," and instead issued a forfeiture money judgment in the amount of $234,789.87, which represented 45 percent of Appellant's salary and all the bonuses. Because of this clear oversight, this Court vacated the forfeiture judgment and remanded this case for further proceedings in order to make "more detailed findings...regarding both Appellant's salary and Appellant's bonuses during the alleged fraud."

On remand from this Court the District Court amended the forfeiture judgment and Appellant was ordered to pay a forfeiture in the amount of $82,685.37, which represents 19.587 percent of Appellant's compensation including incentive pay, during the period of January 2011 thru June 2015, while Appellant was employed as CEO of St. Gabriel. However, the District Court, counsel and the government miscalculated the restitution, forfeiture and fine the first time, they also miscalculated the restitution, forfeiture and fine the second time. During the resentencing hearing the District Court, counsel and the government were stumped on how to correctly calculate the restitution, forfeiture and fine. Counsel should have requested an expert witness such as a Medicaid specialist or investigator who specializes in Medicaid health care fraud who would of testified that 87% of St. Gabriel's legitimate revenue of $9,189,678 was unrelated to the fraud. The revenue during this

period traceable to Appellant's fraud was 1.2 million or 13.058% of the total. Therefore, Appellant shall forfeit 13.058% of his $340,644.17 income earned during this period, or $44,481.31. However, Appellant asserts that neither the salary or the bonuses should be subject to the forfeiture. Moreover, what fails to make sense is that the District Court, counsel and the government have all the records and audit reports to establish the correct calculations instead of throwing numbers in the hat and hoping to pull the larger number. Thus, Appellant requests this Honorable Court to remand back to the District Court and appoint different counsel to get the correct restitution, forfeiture and fine amounts.

WHEREFORE, for all the reasons stated above Appellant requests this Honorable Court to vacate and remand to the District Court to recalculate the resitution, forfeiture and fine.

DATE: 11/7/24

Respectfully,

VICTOR CLARK KIRK



Victor Clark Kirk
Inmate No. 09254-095
FCC Forrest City Camp
P.O. Box 8000
Forrest City, Arkansas 72336

**CERTIFIED MAIL**

9589 0710 5270 1526 3132 44

Retail

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
FORREST CITY, AR 72335

NOV 08, 2024

$0.00
R2305E124718-09

79190

Clerk of Court
F. Edward Hebert Federal Building
(Main Office)
600 South Maestri Place
New Orleans, Louisiana 70130